Maximilian Moss, S.
The decedent died in 1951, survived by a widow and two children. Decedent’s will creates a trust for the life and benefit of the widow, and after providing for general bequests to the widow and children, sets apart the residue of the estate upon a trust measured by the widow’s life, with the income payable in equal shares to the widow and two children. The remainder of each trust is given to the children, or their respec *502 tive issue, in equal shares. In brief, the widow is entitled to two thirds of the income of the net estate, and each of the children to one sixth thereof.
The estate consists of a 25% interest in six pieces of real property, four held individually and two in corporate form. The remaining 75% interest is held by two individuals, strangers to the decedent, but related to each other as father-in-law and son-in-law. They have managed and operated all of said properties from the date of death. Four of the parcels are apartment houses; one a taxpayer under lease to a chain store; the sixth a gasoline service station. The widow as sole acting executrix has entered into an agreement with the co-owners by which she will transfer or convey the decedent’s stock interest in five parcels to the co-owners in exchange for their conveyance to her of their interest in the sixth parcel. The special guardian has carefully reviewed the terms of the exchange and is satisfied that it is fair and equitable and for the best interests of his wards, who are grandchildren, and contingent remaindermen of the trusts.
The necessity for court approval of the transaction arises from the fact that the will does not grant the fiduciaries express power to “ exchange ” real property. Under paragraph “ Eleventh ” of the will, the executors and trustees are granted the power to “to sell, mortgage, pledge, lease or otherwise dispose of any part or all of my real and/or personal estate * * # upon such terms and conditions ”.
The court holds that testator intended under the broad powers granted the executors and trustees by paragraph ‘ ‘ Eleventh ’ ’ of the will, to permit them to exchange his minor fractional interests in real property, whether held individually or in corporate form, for an interest in other real property. No objections having been presented to the terms and conditions upon which the proposed exchange is to be made, and the special guardian having found them to be advantageous to the estate and in the best interests of his wards, the agreement is approved.